**FILED**

03/27/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0667

**SYNOPSIS OF THE CASE**[1]

**2024 MT 66, DA 22-0667**: **MONTANA DEMOCRATIC PARTY and MITCH BOHN, WESTERN NATIVE VOICE, MONTANA NATIVE VOTE, BLACKFEET NATION, CONFEDERATED SALISH AND KOOTENAI TRIBES, FORT BELKNAP INDIAN COMMUNITY, and NORTHERN CHEYENNE TRIBE, MONTANA YOUTH ACTION, FORWARD MONTANA FOUNDATION, and MONTANA PUBLIC INTEREST RESEARCH GROUP,** Plaintiffs and Appellees, **v. CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State,** Defendant and Appellant.

The Montana Supreme Court has ruled that four laws passed by the 2021 Legislature violate the fundamental right to vote provided to all citizens by the Montana Constitution.

The Opinion affirms rulings made by a district court judge in Billings in September 2022 following a nine-day trial where numerous witnesses and election experts provided testimony.

HB 506 precludes a 17-year-old elector, who would be 18 by election day, from receiving and voting an absentee ballot.  Current law allows new voters to register to vote if they will be 18 on election day, but under HB 506, these voters are not allowed to vote by mail.

The Court's Opinion held the law imposes an unreasonable burden on those electors' fundamental right to vote and is therefore unconstitutional and may not be enforced.

House Bill 176 eliminated same day voter registration and closes registration at 12:00 p.m. the day prior to an election.

The District Court had found that same day registration has been "wildly popular" since it was adopted in 2005 and retained by Montana voters in a statewide election in 2014.  The Court noted that over 70,000 people have registered to vote on election day, and that the evidence presented at trial clearly demonstrated that the practice is not difficult for election officials to administer.

The Supreme Court affirmed the District Court ruling that HB 176 interferes with fundamental voting rights and is therefore unenforceable.

HB 530 requires the Secretary of State to adopt administrative rules to preclude the paid collection and submission of absentee ballots by other individuals or groups.  The District

---

[1] This synopsis has been prepared for the convenience of the reader.  It constitutes no part of the Opinion of the Court and may not be cited as precedent.

Court determined that ballot collection practices are commonly used in remote areas, including Indian reservations, where because of long distances it is a hardship to get to polling places, or even receive mail service. Additionally, some groups provide similar assistance to individuals with disabilities so they are able to vote.

The Supreme Court clarified that it will continue to be illegal to pay ballot collectors by the number of ballots collected. However, paying employees for duties that include general ballot collection will be allowed. Broadly excluding assistance to disadvantaged voters by collection and submission of previously voted, sealed ballots interferes with those voters' fundamental voting rights and is therefore unconstitutional.

Finally, Senate Bill 169 prevents the use of student ID cards as acceptable forms of identification for in-person voting.

The District Court noted substantial evidence at trial demonstrated that excluding student ID cards, while at the same time allowing other forms of identification, does not prevent voter fraud. The purpose of requiring identification to vote is to ensure that the person actually voting is the same person that is registered, and thus properly qualified to vote. To register to vote, more rigorous identification is required.

The Supreme Court affirmed the District Court and ruled that excluding the use of student identification cards to vote imposes an unreasonable burden on the right to vote and is therefore unconstitutional.

Four members of the Court signed the majority ruling that all four laws are unconstitutional. One justice agreed with the majority that SB 169, HB 176, and HB 550 were unconstitutional but dissented on HB 506. Two justices dissented on three issues but agreed that HB 506 was unconstitutional.

The dissents asserted in part that the Constitution also provides that the Legislature has the authority to regulate and safeguard elections, and that the laws as passed were a proper exercise of legislative authority.